IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:22-CV-32-FL

| | |
|---|---|
| UNCW CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTCHESTER SURPLUS LINES )<br>INSURANCE COMPANY, and )<br>TRAVELERS INDEMNITY COMPANY, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on Plaintiff UNCW Corporation's ("UNCW") motion to quash and for protective order. [DE-39]. Defendant Travelers Indemnity Company ("Travelers") opposes the motion. [DE-41]. For reasons that follow, the motion is allowed.

I.  **Background**

This is an insurance coverage dispute regarding the scope of damage caused by Hurricane Florence on September 14, 2018, to residential facilities, specifically the Seahawk Facilities, at UNCW. Travelers does not dispute that a portion of the damage was covered under the relevant insurance policies but questions whether other post-hurricane repairs were necessary and proper.

The court's initial Case Management Order (CMO) provided that fact discovery would be completed by November 23, 2022, and all discovery would be completed by February 28, 2023. [DE-20]. The court later entered an Amended CMO extending the fact discovery deadline to January 23, 2023, and providing that all discovery would be completed by May 1, 2023. [DE-29]. On January 9, 2023, Defendants moved for an extension of time until March 23, 2023 to complete fact witness depositions, and the court allowed the motion over UNCW's objection. [DE-31, -37].

On or about February 22, 2023, Travelers served deposition subpoenas on Tom McCarley, Mark Morgan, and Miles Lackey, all employees of UNCW. [DE-40-5, -40-6, -40-7]. Lackey's and McCarley's depositions were noticed for March 3, 3023, and Morgan's deposition was noticed for March 8, 2023. *Id.* In response, UNCW filed the instant motion to quash the subpoenas and for a protective order prohibiting the depositions. [DE-39].

## II. Discussion

As a general rule, Rule 26(b) governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Discovery rules are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 172560, at *3 (M.D.N.C. June 13, 2007) (internal quotation marks, alterations, and citations omitted); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). However, simply because "requested information is discoverable under Rule 26[(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

2

Rule 26(b)(2)(C) provides that a district court must limit "the frequency or extent of discovery otherwise allowed" if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Additionally, Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("Discovery is not limitless," and "[t]he court has the discretion to protect a party from 'oppression' or 'undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)).

The party seeking protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003); *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D.N.C. 1999) ("Rule 26(c)'s requirement of a showing of 'good cause' to support the issuance of protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'") (citation omitted).

UNCW asserts the depositions of McCarley, Morgan, and Lackey should be prohibited because (1) the court's last order extending the fact discovery period to March 23, 2023 was based on Travelers' asserted need to complete non-party discovery, (2) the one week to ten days-notice given to Plaintiff was unreasonable, and (3) as to Lackey, he is an "apex officer" and Travelers

3

failed to justify his deposition. Pl.'s Mem. [DE-40] at 4–10. Travelers contends the fact discovery extension was not limited to non-party discovery, Plaintiff had sufficient notice of the depositions, and Lackey is not an apex officer and has unique knowledge that justifies his deposition. Def.'s Resp. [DE-41] at 3–8.

First, neither Travelers' motion nor the court's order specifically limited the scope of discovery during the extended period to non-party depositions. Travelers sought an extension of time to "complete fact witness depositions," Defs.' Mot. [DE-31] at 1, and the court extended the deadline for fact discovery without limiting the scope to non-party depositions, [DE-37]. While UNCW correctly points out that Travelers discussed in its motion the outstanding non-party discovery it needed to complete prior to conducting non-party depositions, Defs.' Mot. [DE-31] at 2–4, that does not necessarily make a party deposition during the extended period inappropriate. Here, Travelers asserts that it did not determine the need to depose McCarley, Morgan, or Lackey until after the 30(b)(6) deposition of UNCW representative Deborah Tew, which took place on February 1, 2023, when Tew was unable to answer certain questions regarding the remediation efforts and indicated that "facilities" would have been responsible for the work in question. Def.'s Resp. [DE-41] at 3–5. Tew indicated that Morgan is the Associate Vice Chancellor for Facilities and McCarley reports to Morgan. *Id.* at 4. Lackey is the Vice Chancellor for Business Affairs, and Facilities is one of several departments within his purview. Pl.'s Mem. [DE-40] at 9. Tew's deposition occurred after Travelers requested the prior extension, and Travelers' explanation that it determined further party depositions were needed after deposing Tew is reasonable.

Next, the notice to UNCW was reasonable given Travelers' offer to set the depositions on a mutually agreeable date. Fed. R. Civ. P. 30(b)(1) requires, in relevant part, that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other

4

party," and the reasonableness of the notice depends on the circumstances of the particular case, *Suh v. HCA-the Healthcare Co.*, No. 7:02-CV-166-F, 2010 WL 11622619, at *3 (E.D.N.C. May 10, 2010). Here, Tew was deposed on February 1, the court extended the fact discovery period on February 9, and on February 14 and 15, Travelers notified UNCW's counsel that it intended to depose McCarley, Morgan, and Lackey and requested dates. Def.'s Resp. [DE-41] at 5. When UNCW did not agree to the depositions, Travelers noticed the depositions and issued subpoenas for one week and ten days-time but indicated that they were willing to adjust the dates to accommodate UNCW. *Id.* While "less than a week of notice for a deposition would generally be unreasonable," *Advanced Internet Techs., Inc. v. Dell Inc.*, No. 5:07-CV-426-H, 2010 WL 11561560, at *1 (E.D.N.C. Jan. 8, 2010), "a period of eight business days falls just within what courts generally have ruled reasonable," *Robar v. Burlington Coat Factory of N.C., LLC*, No. 1:10-CV-916, 2011 WL 5117063, at *2 (M.D.N.C. Oct. 25, 2011). Notwithstanding the short notice, under the circumstances, the parties will be able to negotiate a mutually agreeable time and date to conduct the depositions that will allow adequate time for the deponents to prepare. Accordingly, the amount of notice is not a sufficient ground on which to prohibit the depositions.

Finally, Travelers has sufficiently demonstrated that Lackey's deposition is justified under the governing standard. The court is not convinced that the apex doctrine has been adopted in the Fourth Circuit or that it is necessary to the resolution of this matter. *See Page v. Bragg Communities, LLC*, No. 5:20-CV-336-D, 2022 WL 17724407, at *3 (E.D.N.C. Dec. 15, 2022); *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2021 WL 5826786, at *3 (W.D.N.C. Dec. 8, 2021); *Cunagin as Next friend of J.C. v. Cabell Huntington, Hosp., Inc.*, No. 3:19-CV-00250, 2021 WL 1518877, at *4 (S.D.W. Va. Apr. 16, 2021) (even assuming the Fourth Circuit would adopt the apex doctrine defendant failed to establish that its

5

Director of Risk Management qualified as a high-ranking official who did not have unique knowledge). Utilizing the standard set forth in Fed. R. Civ. P. 26(b), UNCW, the party opposing the deposition, has not sufficiently demonstrated that Lackey is unlikely to possess information relevant to UNCW's claims and or that deposing Lackey would be disproportionate to the needs of the case. A representative of the firm that oversaw the remediation of the Seahawk Facilities testified that he communicated with Lackey regarding the financial and insurance aspects of the work, and they met at least every couple of months to discuss the progress of work. Def.'s Resp. [DE-41] at 7–8. Furthermore, the subpoenas indicate that Travelers intended to depose Lackey at 9:00 a.m. and McCarley on the same day at 1:00 p.m., which implies Travelers did not contemplate an extended deposition of Lackey, and Travelers offered to depose Lackey on UNCW's campus to minimize the inconvenience. Accordingly, the court declines to prohibit Lackey's deposition.

## III. Conclusion

For the reasons stated herein, the motion to quash and for protective order is denied. Counsel shall promptly meet and confer to schedule the depositions of McCarley, Morgan, and Lackey at a mutually agreeable time, date, and location, to occur no later than **May 19, 2023**. The court will concurrently extend the deadline to file all potentially dispositive motions to **June 19, 2023**.

SO ORDERED, the 19th day of April, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge